IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY a/s/o THE ESTATE OF ALKIS J. MARLAND | : CIVIL ACTION NO: 14-06535 : : : THE HONORABLE JAN DuBOIS |
| Plaintiffs | : |
| v. | : : |
| TOLL BROTHERS, INC., BROTHERS, INC., BROTHERS ELECTRIC, INC., HARTMAN CONTRACTORS, JOHN GRIMLEY, T/A and/or d/b/a, JG & ASSOCIATES AND ANTHONY ELECTRIC | : : : : : : |
| v. | : : |
| SERVICE MASTER ASSURED CLEANING SERVICES | : : : |
| Additional Defendant | : |

## **DEFENDANT JOHN GRIMLEY, T/A AND/OR D/B/A JG & ASSOCIATES MOTION FOR SUMMARY JUDGMENT**

Defendant, John Grimley, t/a and/or d/b/a JG & Associates, (hereinafter "Moving Defendant"), by and through its counsel, Joseph G. McHale, Attorney at Law hereby moves this Honorable Court for an Order precluding the Testimony of Plaintiff's Proffered Expert Michael Wald of IEI Consulting, Inc. in trial of this matter pursuant to F.R.E. 702 and *Daubert v. Merrell-Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1988) and its progeny, as Mr. Wald's proposed testimony is unreliable and supported by nothing other than conjecture and speculation and in support there of aver as follows: (*Moving Defendant has incorporated in his Motion for Summary Judgment and supporting Memorandum of Law his Exhibits identified as joint Exhibits with his Motion in Limine to Preclude Testimony of Plaintiff's Expert Michael Wald.*)

1

1. Moving Defendant has filed a Motion in Limine to preclude the testimony of Plaintiff's Liability Expert, Electrical Engineer, Michael Wald of IEI Consulting, under FRE 702 and *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1988) and its progeny, which if granted would require entry of summary judgment under FRCP 56.

1. Plaintiff's commenced this subrogation action, as subrogor of The Estate of Alkis J. Marland (hereinafter "Marland Estate") on November 13, 2014, which arises from a fire occurring on Saturday, February 9, 2013, in an end unit residential town house located at 4 Starling Court, Phoenixville, PA (hereinafter "subject property"). See copy of Plaintiff's Complaint attached as Exhibit "A."

2. A fire origin and cause investigation was conducted by Fire Marshall Joshua Overholt (hereinafter FM Overholt) on February 9-10, 2013, in which he was assisted by Assistant Fire Marshall F. Colelli, where he believed the fire originated in the basement underneath the stairs that lead from the first floor. See FM Overholt Report Exhibit "F."

3. Subsequently, FM Overholt issued a report, based upon his investigation, in which he concluded that the origin of the fire was near the center of the stairs leading to the basement from the first floor resulting from an electrical short. FM Overholt indicated that a series of arc (parting arc) and parallel arc occurred in the area of the fire's origin possibly as a result of mechanical damage to the electrical conductors (wires due to damage to the wire's insulation). See report of FM Overholt Exhibit "F".

4. FM Overholt noted in his report that during his investigation on February 10, 2013, debris from the believed point of origin was sifted and evaluated, with a jeweler's loop to locate possible staples, nails or screws that could have damaged the wire causing the fire. However, FM Overholt found no signs of damage or evidence on the nails, screws or staples

evaluated which would indicate these fasteners as causing arcing or damage to the wire. Thus, FM Overholt recommended additional evaluation by an electrical engineer and concluded his investigation noting the fire to be accidental. See FM Overholt Report Exhibit "F."

5. Plaintiff retained and identified as experts for trial, Fire Investigator Robert Buckley of Fire and Explosive Investigations Inc. and Electrical Engineer Michael Wald to assist in the fire investigation at the subject property.

6. Plaintiff's Fire Investigator Robert Buckley issued his litigation expert report dated March 31, 2016, on behalf of Plaintiff, in which he concluded the fire originated underneath the stairs leading from the first floor to the basement, the same area of origin designated by FM Overholt and that the fire was electrical caused by damage to internal Romex wire that had been damaged by a "nail, screw or staple." However, he could not opine which of these fasteners actually damaged the Romex wire leading to the fire. See Buckley Report attached as Exhibit "H."

7. Plaintiff's Electrical Engineer Michael Wald issued his litigation report dated March 29, 2013, in which he opined that the fire was electrical and was caused by damage to the Romex cable by a 2 inch drywall screw installed by Moving Defendant during basement renovation work performed approximately 8 years before the fire. See Exhibit "I."

8. Plaintiff's Expert Mr. Wald opined that the branch wiring (Romex cable) failed due to mechanical impact because that is "the only reasonable explanation". He claims that the damage was caused by a 2 inch drywall screw installed by Moving Defendant, but fails to identify which of the 2 inch drywall screws recovered from the scene was the actual one that damaged the wire causing the fire. See Wald Report Exhibit "I."

3

9. Moving Defendant subsequently filed a Motion in Limine to preclude the testimony of Plaintiff's Expert Michael Wald per under FRE 702 and *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1988) and its progeny.

10. In order to Plaintiff to meet its burden it must prove with competent evidence the fundamental element of causation which it cannot do in the event that the Court grant's Moving Defendant's Motion in Limine to preclude the Wald testimony.

11. In the event of the preclusion of the Wald testimony there would no issue of material fact to preclude entry of summary judgment in favor of Moving Defendant since the Plaintiff could offer no competent evidence to meets its burden that any actions or failures to act on the part of Moving Defendant caused the fire at the subject property.

WHEREFORE, Moving Defendant requests that this honorable Court grant his Motion for Summary Judgment and dismiss all claims and cross/counter claims against him with judgment in his favor with prejudice and the Court grant any other relief that it deems just and proper.

                              WILLIAM J. FERREN & ASSOCIATES

BY: /s/Joseph G. McHale, Attorney at Law
      Attorney for Defendant, John Grimley, t/a and/or
      d/b/a JG & Associates
      1500 Market Street, Suite 2920
      Philadelphia, PA 19102
      267-675-3021
      jmchale@travelers.com

January 13, 2017

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY a/s/o THE ESTATE OF ALKIS J. MARLAND<br><br>Plaintiffs<br><br>v.<br><br>TOLL BROTHERS, INC., BROTHERS, INC., BROTHERS ELECTRIC, INC., HARTMAN CONTRACTORS, JOHN GRIMLEY, T/A and/or d/b/a, JG & ASSOCIATES AND ANTHONY ELECTRIC<br><br>v.<br><br>SERVICE MASTER ASSURED CLEANING SERVICES<br><br>Additional Defendant | : CIVIL ACTION NO: 14-06535<br>:<br>:<br>:<br>: THE HONORABLE JAN DuBOIS<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Joseph G. McHale, Attorney at Law do hereby certify that the attached Motion in Limine (Daubert Motion) of Defendant John Grimley, t/a and/or d/b/a JG & Associates to preclude the testimony of Plaintiff's Expert Michael Wald was filed electronically with the Court (Exhibits A-J are being filed with the Court under separate cover via United States mail) on January 13, 2017 with copies to all counsel via e-mail and regular mail (copies of Exhibits A-J).

WILLIAM J. FERREN & ASSOCIATES

BY: /s/Joseph G. McHale, Attorney at Law
Attorney for Defendant, John Grimley, t/a and/or d/b/a JG & Associates
1500 Market Street, Suite 2920
Philadelphia, PA 19102
267-675-3021